## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIHEE DONVELL HATCHETT      **:**        **CIVIL ACTION**

                                   **:**

**v.**                           **:**        **NO. 09-1708**

                                   **:**

COUNTY OF PHILADELPHIA, *et al.*   **:**

## MEMORANDUM OPINION

**Savage, J.**                                                  **October 15, 2010**

After successfully litigating his § 1983 civil rights action, plaintiff Shihee Donvell Hatchett ("Hatchett") moves for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. The defendants do not challenge his entitlement to attorneys' fees; but, they object to the amount requested. They contend that the time billed by two of the attorneys is excessive; that several time entries of another are deficient; and that some time entries were duplicative. They also argue that pursuant to § 1997e(d)(2) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e (2010) ("PLRA"), 25 percent of Hatchett's compensatory award should be allocated to his attorneys' fees.

After a thorough review of the record, including counsel's time recording sheets, we shall grant the motion and award Hatchett $80,581.95 in fees, instead of the $83,917.85 requested.[1]

## Background

After a bench trial, judgment was entered against the defendant police officers who were found to have used excessive force and/or failed to intervene to stop the excessive force in violation of Hatchett's Fourth Amendment rights, causing him personal injuries.

---

[1] In his initial fee petition, Hatchett requested $89,002.25 in fees. After reducing several time entries objected to by the defendants, he decreased his request to $83,917.85.

He was awarded $116,644 in compensatory damages.

## Standard of Review

A prevailing party entitled to recover reasonable attorneys' fees in a civil rights action[2] bears the burden of demonstrating that the fee request is reasonable. *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). Determining the amount of a reasonable fee requires a two-part analysis. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Maldonado*, 256 F.3d at 184. First, we assess whether the time spent was reasonable. *Maldonado*, 256 F.3d at 184. Second, we decide whether the attorney's hourly rate is reasonable. *Id.* Once these two numbers are established, they are multiplied to yield the lodestar, which is presumed to be a reasonable fee. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). After the lodestar is established, the burden shifts to the adverse party to demonstrate that it is unreasonable. *Id.*

A request cannot be decreased based on factors not raised by the adverse party. *Id.* (quoting *Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985)). Objections must be specific. *See United States v. Eleven Vehicles*, 200 F.3d 203, 211-12 (3d Cir. 2000); *Sheffer v. Experian Info. Solutions, Inc.,* 290 F. Supp. 2d 538, 544 (E.D. Pa. 2003). Nevertheless, once the adverse party specifically objects to a fee request, we have considerable discretion to "adjust the fee award in light of those objections." *Rode,* 892 F.2d at 1183 (citations omitted)*.*

## Discussion

The parties do not dispute that Hatchett is a prevailing party and is entitled to an

---

[2] 42 U.S.C. § 1988.

award of attorneys' fees.  They disagree on the amount.  The defendants contend that Hatchett's lawyers billed an excessive number of hours and failed to sufficiently detail certain time entries.

Billing Rates

The PLRA limits attorneys' fees in actions brought by prisoners by capping hourly rates at 150 percent of the rate established by the Criminal Justice Act for court-appointed counsel.  42 U.S.C. § 1997e(d)(3) (2010).  However, the PLRA only applies to cases brought by prisoners with respect to prison conditions.  *Id.* at § 1997e(a).  It does not apply to actions based on civil rights violations that occurred when the prevailing party was not a prisoner.  *Hall v. Galie*, No. 05-975, 2009 WL 722278, at *7 (E.D. Pa. Mar. 17, 2009).

The PLRA does not apply to this case.  Although Hatchett was a prisoner when he filed his complaint, his civil rights cause of action arose prior to his incarceration and it does not implicate the conditions of his confinement.  Thus, his claim is  not subject to the PLRA's limitation on attorneys' fees.  *Hall,* 2009 WL 722278, at *7.

Even though the PLRA does not apply, Hatchett only requested the hourly billing rate allowed by the statute.[3]  Considering this rate is far below Hatchett's attorneys' usual billing rate, we find it is reasonable.  Therefore, the hourly rate for Hatchett's attorneys will be $165 in 2009 and $187.50 in 2010.

Disputes Over Specific Time Entries

A fee petition must include fairly detailed information for time devoted to various activities.  *Rode*, 892 F.2d  at 1190.  Although "it is not necessary to know the exact

---

[3] The hourly rate for court-appointed counsel in Criminal Justice Act cases was $110 in 2009 and $125 in 2010.  Thus, using the 150 percent rule, the maximum rate is $165 in 2009 and $187.50 in 2010.

number of minutes spent nor the precise activity to which each hour was devoted[,]" a fee petition must be specific enough to determine if the hours claimed are reasonable for the work performed. *Id.* (internal quotations omitted).  Time that is "'excessive, redundant, or otherwise unnecessary'" is excluded.  *Pub. Interest Grp. of NJ, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley*, 461 U.S. at 433-34). If we cannot determine whether a particular time entry is chargeable to the defendants, it must be excluded because the burden of proof rests with the prevailing party. *Hall v. Harleysville Ins. Co.,* 943 F. Supp. 536, 543-44 (E.D. Pa. 1996).

      I.      *Justin Danilewitz*

The defendants first object to 1.27 hours billed by Justin Danilewitz on October 13, 2009, for "[r]evisions to letter attaching amended complaint; travel to FDC to deliver letter and complaint to client."  The defendants argue that the entire entry should be deleted because it is unnecessary for a lawyer to spend so much time in performing what is a clerical task.  Hatchett counters that Danilewitz's "characterization" of the hours expended on October 13, 2009, was "incorrect."  He claims part of Danilewitz's time is allocable to a client meeting.

We agree that if the time was for drafting a cover-letter, it would be unreasonable. The ministerial task undoubtably took a *de minimis* amount of time.  Hatchett now clarifies what the entry meant.  A closer look at the entry reveals that Danilewitz took the complaint to the federal detention center where his client was housed.  It was necessary to meet with his client to verify the allegations in the complaint before filing it.  Thus, we shall deduct only fifteen minutes for drafting the cover letter from the time entry.

The defendants next object to Danilewitz's time in preparing to depose Dr. Sanjay

Dabral and Dr. Michelle Azer, Hatchett's treating physicians at Mercy Hospital. They argue that considering the depositions lasted only 2 hours and 43 minutes, 20.21 hours spent preparing for these depositions was excessive. They request a one-half reduction. Hatchett counters that the complicated nature of the medical records and Danilewitz's thorough preparation justified the time.

Having read the depositions of Drs. Sanjay and Azer, which were presented as evidence at the trial, we find the preparation time reasonable. Danilewitz's advanced preparation resulted in depositions that were thorough, precise, and time efficient. Thus, there is no cause to reduce his time.

II.    *Sarah Westbrook*

The defendants object to 36.2 hours spent by Sarah Westbrook in preparing to depose the three defendants. According to the defendants, Westbrook's preparation time is unreasonable because she asked the same question of each of the officers; the officers had previously given testimony at Hatchett's criminal trial; and the depositions lasted only six hours. They request a reduction of Westbrook's time from 36.2 hours to 12.08 hours. Hatchett argues that Westbrook's preparation led to thorough and efficient depositions that helped discredit the officers' trial testimony.

The defendants' argument that it is duplicative to ask the same questions of each of the defendants is without merit. Developing factual inconsistencies between each officers' account in the depositions and their prior testimony at Hatchett's criminal trial naturally led to overlapping questioning.

Westbrook's advanced preparation resulted in comprehensive and efficient depositions. Moreover, due to the importance of the officers' testimony in establishing

liability, the thoroughness of Westbrook's preparation was appropriate. Thus, her time preparing for the depositions will not be reduced.

III.     *Michael Kichline*

A number of Michael Kichline's entries include one-word descriptions such as "discovery," "depositions," and "strategy." The defendants request that we delete these entries because it is "impossible" to determine if the tasks involve "reasonable and/or duplicative" work. Hatchett counters that these entries are sufficiently descriptive in light of Kichline's limited role as supervising attorney.

Kichline's entries labeled "discovery," "depositions," and "strategy," recite the subject matter of the work performed, but do not provide a description of the tasks. Courts in this circuit have approved similarly vague billing descriptions. *See, e.g., Washington v. Phila. Cnty. Ct. C.P.,* 89 F.3d 1031, 1037-1038 (3d Cir. 1996) (fee petition containing words "review," "research," and "prepare" found acceptable); *McGuffey v. Brink's, Inc.,* 598 F. Supp. 2d 659, 671 (E.D. Pa. 2009) (billing descriptions containing "Research" and "Review research" sufficient); *Neena S. ex rel. Robert S. v. School Dist. Of Phila.*, No. 05-5404, 2009 WL 2245066, at *4 (E.D. Pa. July 27, 2009) ("Review of File materials," "File review," "Review of records" acceptable). However, Kichline's descriptions are so general we cannot determine what, if anything, he actually did. For instance, it is clear from the billing records that Westbrook and Danilewitz prepared and conducted the witness depositions. Kichline's entries do not explain what he had to do with "depositions." Thus, his time is duplicative and excessive.

Kichline's time for work labeled "discovery" suffers the same problem as his time for "depositions." His entries containing the term "strategy" are too general to determine if they

were reasonably expended.  Time teaching and mentoring associates is well spent, but it

cannot be charged to a losing party.  Therefore, we will delete Kichline's time for these

entries.[4]

The defendants also request that we cut one-half of Kichline's time for entries that

contain a mix of the terms "depositions," "discovery," or "strategy," and other work.

Block billing is a time keeping method where lawyers record their daily time for

various tasks in one entry, rather than using itemized time entries for each separate task.

*United States v. NCH Corp.,* No. 05-881, 2010 U.S. Dist. LEXIS 94486, at *19 (D. N.J.

Sept. 10, 2010) (citing *Brown v. City of Pittsburgh*, No. 06-393, 2010 WL 2207935, at *8

n.12 (W.D. Pa. May 27, 2010)).  It is a common practice that will be upheld if there is a

reasonable correlation between the various activities listed in a block and the time spent

completing those tasks. *NCH Corp.*, 2010 U.S. Dist. LEXIS 94486, at *19 (citations

omitted); *Schlier v. Rice,* 2009 WL 5182164, at *6 (M.D. Pa. Dec. 22, 2009).  However, it

is not the ideal time keeping method and lawyers who use it do so at their "own peril."

*Estate of Schultz v. Potter*, No. 05-1169, 2010 WL 883710, at *7 n.14 (W.D. Pa. Mar. 5,

2010).  If a block entry is confusing or makes it difficult to allocate reasonable time to a

specific task, "the blame lies on the party seeking fees because they were in the best

position to mitigate any confusion." *NCH Corp.*, 2010 U.S. Dist. LEXIS 94486, at *25.  In

this case, we examine the block entry and approve time reasonably attributed to

permissible tasks.  *NCH Corp.*, 2010 U.S. Dist. LEXIS 94486, at *25.

Because a number of Kichline's entries contain a mix of excludable time for

---

[4] We will delete Kichline's time for the following entries: October 3, 5, 19, 2009; November 20,
2009; December 16, 17, 21, 22, 2009.

"depositions," "discovery," or "strategy," and reimbursable tasks, it would be inappropriate to delete the entire time. However, because the block billing narrative makes it difficult to determine or estimate the portion of time allocated to each task, we "split the difference between the parties" and deduct one-half of Kichline's time. *NCH Corp.*, 2010 U.S. Dist. LEXIS 94486, at *27.[5]

    IV.   *Overlapping Charges*

On September 29, 2009, Kichline and Westbrook both billed timed for attending the Rule 16 conference. The defendants have objected to this time as duplicative, even though two defense attorneys appeared at the conference. Because both Kichline and Westbrook were involved in developing and presenting Hatchett's case, their presence was essential to a meaningful conference. Thus, although the time was duplicative, it was reasonable in this case.

The defendants also object to overlapping time by Westbrook and Danilewitz in meeting with Hatchett on October 7, 2009, and preparing him for his deposition on January 11, 2010. It is not unusual for two attorneys to participate in a preparation session, especially one where the attorneys play differing roles. Therefore, we will not reduce overlapping time for these conferences.

<u>Portion of Judgment Allocated to Attorneys' Fees</u>

The defendants request that we apply 25 percent of Hatchett's $116,644.00 compensatory award towards his attorneys' fees pursuant to the PLRA.[6] However, as

---

[5] Thus, we will delete one-half of Kichline's time from November 13 and 18, 2009; December 7, 8, and 18, 2009; and January 8, 2010.

[6] The PLRA requires a portion of a plaintiff's judgment, not exceeding 25 percent, to be applied to the award of attorneys' fees. 42 U.S.C. § 1997e(d)(2).

discussed earlier, the PLRA does not apply to this case.  Thus, we will not allocate any of Hatchett's compensatory award toward his attorneys' fees.

## Conclusion

In sum, after reducing the number of properly chargeable hours, the appropriate award for attorneys' fees is $80,581.95.